## STATE OF UTAH v. SIDNEY THOMPSON

No. 5415.   Decided March 9, 1928.   (265 P. 1118.)

*William F. Knox,* of Beaver, and *R. L. Judd,* of Salt Lake City, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *Lawrence A. Miner,* Asst. Atty. Gen., for the State.

See, also, 69 Utah 282, 254 P. 147.

## PER CURIAM.

The defendant, between 15 and 16 years of age, was charged with and convicted of the offense of carnal knowledge of a female under 18, about 15, years of age, and appeals. The principal assignments relate to rulings of the court admitting certain testimony over the accused's objections and excluding certain testimony offered by the accused on the state's objection. The state adduced evidence to show that the accused, as charged in the information, had sexual relations with the female and as the result thereof she gave birth to a child. The defendant denied all sexual relations with the prosecutrix. The state, over the objections of the defendant, was permitted to prove that, four or five months after the alleged sexual act was committed, the mother of the prosecutrix had a conversation with her, wherein the prosecutrix told her mother of her pregnancy and who "was responsible for it." On the objections of the state the defendant was not permitted to prove associations and relations by the prosecutrix with another young man at about the time of the alleged sexual act with the accused, on the ground stated by the court that the character of the prosecutrix could not be attacked for chastity, only for truth and veracity, and that the proffered testimony was an attack upon her character and chastity; the court is sustaining the objection observing: "It does not make any difference how many men she has been out with. The only thing the jury is to pall upon is: Did the defendant commit the act set out in the information?"

Because of these rulings, the state, by the Attorney General, confessed error and consented to a reversal of the judgment and the granting of a new trial.

Such, therefore, is the order.